

**ORDERED in the Southern District of Florida on July 22, 2015.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

_____

**Tagged Opinion**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE:                                                CASE NO. 13-12642-BKC-LMI

MARIA CRISTINA MARTINEZ,                              Chapter 13

     Debtor.
_____/

**ORDER AUTHORIZING REPH V, LLC TO SERVE THE**
**WRIT OF GARNISHMENT ON THE CHAPTER 13 TRUSTEE**

THIS CAUSE came before me on May 20, 2015 on the Chapter 13 Trustee's Motion to Determine Disbursements of Funds, Motion to Compel Creditor to Redact State Court Pleadings to Remove Trustee's Personal Information (ECF #113) (the "Disbursement Motion") and REPH V, LLC's Response in Opposition to Trustee's Motion to Determine Disbursements of Funds, Motion to Compel Creditor to Redact State Court Pleadings to Remove Trustee's Personal Information (ECF #118) (the "Opposition Response"). The issue before me is whether, and if so,

when, may the funds held by a chapter 13 trustee be subject to a writ of garnishment. After considering the arguments of counsel and the memoranda of law filed, as well as a review of the case law, I find that, subject to certain limitations not present in this case, funds held by a chapter 13 trustee may be garnished.

## FACTS

The Debtor, Maria Cristina Martinez, filed a chapter 13 petition on February 5, 2013 (ECF #1). The case was dismissed due to the Debtor's failure to make pre-confirmation plan payments. The Debtor sought reconsideration of the dismissal and reinstatement of her case, and the case was reinstated pursuant to the Order Reinstating Chapter 13 Case dated June 7, 2013 ("Order Reinstating").[1] The Order Reinstating included the following provision (the "Vesting Language"):

> As a condition of reinstatement of this case and in order to provide protection of creditors' vested interests, in the event of conversion to another chapter or dismissal of this reinstated case prior to confirmation, all plan payments made to the trustee prior to entry of an order of conversion or dismissal shall be paid to administrative, secured, and priority creditors pursuant to the terms of the last filed plan, less any fees and costs, and not returned to the debtor.

The Chapter 13 Trustee (the "Trustee") sought to dismiss the case again for the Debtor's failure to provide timely tax returns and to make pre-confirmation plan payments.[2] The Trustee's request was granted and the case was dismissed with prejudice for 180 days. At the time of this second dismissal, the Debtor had made pre-confirmation plan payments to the Trustee in the amount of $18,058.80 (the "Pre-Confirmation Payments").

The Debtor's efforts to once again reinstate her case were unsuccessful,[3] and the Debtor's home was sold at foreclosure in October of 2013. A few days after the sale, the Debtor filed her

---

[1] Order Reinstating Chapter 13 Case at ECF #51.
[2] Request at ECF #61.
[3] Order Denying Debtor's Motion to Reconsider Dismissal and Reinstate Case at ECF #84.

2

Emergency Motion to Determine Proper Distribution of Debtor's Pre-Confirmation Plan Payments, or Alternatively, Motion to Vacate Vesting Clause (ECF #88). In that Motion, the Debtor argued that Creditor REPH V LLC ("REPH") was no longer a secured creditor after the foreclosure sale and thus REPH was no longer entitled to any portion of the Pre-Confirmation Payments. In its Response (ECF #92), REPH asserted that the foreclosure sale did not satisfy its claim and the Vesting Language in the Order Reinstating entitled REPH to distribution of the Pre-Confirmation Payments.

At the hearing on the Motion to Determine,[4] I held that REPH was no longer the holder of a secured claim and, because the Vesting Language in the Order Reinstating did not create an independent property interest in the Pre-Confirmation Payments, REPH was not entitled to distribution of the Pre-Confirmation Payments.[5] Although REPH sought reconsideration of the Order Granting Motion for Distribution of Trust Funds to Debtor (ECF #95), I denied that relief and determined that REPH's secured claim was satisfied (ECF #103).[6]

In the state court foreclosure action[7] (the "State Court Action"), REPH obtained a Final Monetary Judgment against the Debtor in the amount of $155,567.08. Then REPH obtained a writ of garnishment from the state court in order to garnish the Pre-Confirmation Payments held by the Trustee. The Trustee sought entry of an order dissolving the writ and awarding attorney's fees. The Debtor joined the Trustee's Motion and also filed a Claim of Exemption and Request for Hearing on the basis that the Debtor provided for more than one-half of the support for a

---

[4] *See* ECF #99 for transcript.
[5] *See* Order Granting Motion to Determine Proper Distribution of Pre-Confirmation Plan Payments or Alternatively, Motion to Vacate Vesting Clause at ECF #94, directing the Trustee to disburse the Debtor's Pre-Confirmation Plan Payments to the Debtor. At the hearing, I determined that REPH's secured claim was satisfied once the foreclosure sale occurred.
[6] The Order Denying Motion for Reconsideration (ECF #103) made clear that the only issue was whether upon sale of the property, REPH's secured claim was satisfied; the Order also emphasized that the answer to that question was "yes."
[7] Circuit Court of the Eleventh Judicial Circuit Case no. 11-5768-CA-04.

child or other dependent and had net earnings of $750 or less per week. Even though REPH filed a response to the Claim of Exemption, seeking discovery to confirm the Debtor's claims, the state court dissolved the writ because REPH's response was untimely.[8]

Thereafter, REPH obtained another writ of garnishment from the state court to garnish the Pre-Confirmation Payments. The Trustee filed her response again, arguing that the Bankruptcy Court has sole jurisdiction over the Pre-Confirmation Payments and those funds cannot be garnished. After considering the Trustee's response, the state court judge directed the Trustee to file the Disbursement Motion in the Bankruptcy Court.[9]

In the Disbursement Motion, the Trustee argues that: 1) 11 U.S.C. §1326 requires a trustee to refund payments to a debtor in a case that is dismissed prior to confirmation; 2) the Bankruptcy Court has sole jurisdiction over distribution of the Pre-Confirmation Payments, as Ocean Bank acknowledged so in its papers, because the matter concerns the administration of the bankruptcy estate and therefore no state court garnishment order can be effective with respect to the Pre-Confirmation Payments; and 3) allowing a trustee to be subject to a writ of garnishment by the state court would be an administrative burden on a chapter 13 trustee. In its Opposition Response, REPH argues that: 1) the Bankruptcy Code allows for garnishment of funds held by a chapter 13 trustee following dismissal of the case; 2) 11 U.S.C. §1326 does not preclude garnishment of a trustee; and 3) the potential administrative burden created by allowing garnishment of the Trustee is unsubstantiated.

---

[8] Pursuant to Florida Statute §77.041, the clerk must automatically dissolve the writ if the plaintiff does not file a sworn written statement that answers the defendant's claim of exemption within 8 business days after hand delivering the claim or request or, alternatively, 14 business days if the claim and request were served by mail.

[9] Judge Miller's order stated: "the Court finds that the proper remedy is for the Bankruptcy Trustee to file a motion in bankruptcy court determining whether the funds at issue are subject to state court garnishment proceedings. *See In re Fischer*, 432 B.R. 863 (M.D. Fla 2010)."

4

**ANALYSIS**

This issue of whether the Trustee can be subject to a writ of garnishment by REPH is ripe for analysis, despite the Trustee's argument at the May 20, 2015 hearing that the dispute may be barred by *res judicata*.[10]

Under the doctrine of *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). In order to invoke the doctrine, a party must establish that: 1) the prior decision was rendered by a court of competent jurisdiction; 2) there was a final judgment on the merits; 3) both cases involve the same parties; and 4) both cases involve the same causes of action. *Id*. The doctrine of *res judicata* cannot be invoked here because the present issue of whether the Pre-Confirmation Payments held by the Trustee can be garnished, while involving the same parties, is not the same issue as I previously ruled on.

At the March 3, 2014 hearing, I considered whether the Pre-Confirmation Payments belonged to the Debtor or to REPH. I determined that once the foreclosure sale occurred, REPH no longer held a secured claim and therefore, the Pre-Confirmation Payments belonged to the Debtor. Conversely, the issue I am currently faced with is whether the Trustee is subject to the writ of garnishment which necessarily requires that the Pre-Confirmation Payments belong to the Debtor. The disputes are not the same and therefore *res judicata* does not bar my consideration of the issue before me.

I turn now to the issue of the garnishment itself. The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure are both silent as to whether a chapter 13 trustee is subject to garnishment. Courts are split on the issue. The crux of the Trustee's argument is that under the

---

[10] The Trustee did not raise the *res judicata* argument in her papers.

5

plain reading of 11 U.S.C. §1326(a)(2), a chapter 13 trustee cannot be subject to garnishment because garnishment would present unwarranted administrative burdens. REPH argues that the Trustee is just like any other debtor of a judgment debtor that may be subject to garnishment.

*1326(a)(2) Does Not Preclude Garnishment of the Chapter 13 Trustee*

11 U.S.C. §1326(a)(2) provides, in part:

> If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) [pertaining to adequate protection payments] to the debtor, after deducting any unpaid claim allowed under section 503(b) [administrative expenses].

Some courts hold that the language is unambiguous and therefore refuse to allow garnishment of a trustee, while other courts cite to various public policy concerns for exempting trustees from garnishment. *In re Bailey*, 330 B.R. 775, 777 (Bankr. D. Or. 2005) ("It ensures that debtors who attempt chapter 13 will not be penalized for an unconfirmed attempt."). *See also In re Inyamah*, 378 B.R. 183, 185 (Bankr. S.D. Ohio 2007) (Returning funds to debtors accomplishes three statutory purposes: 1) encouragement of chapter 13 filings; 2) prompt closing of the estate; and 3) restoration of all parties to their original positions).

On the other hand, courts holding that a trustee *is* subject to garnishment reason that once a case is dismissed, the automatic stay lifts, the bankruptcy estate terminates, and the trustee becomes a debtor of the debtor. *See In re Fischer*, 432 B.R. 863, 865 (Bankr. M.D. Fla. 2010). *See also In re Schlapper*, 195 B.R. 805, 806 (Bankr. M.D. Fla. 1996) ("Once the order of dismissal is entered, and the stay has been lifted, and the Trustee has been ordered to turn over funds to the Debtor, she becomes a debtor of the Debtor to that extent."); *In re Price*, 484 B.R. 870, 873 (Bankr. E.D. Ark. 2013) ("The language of 1326(a)(2) does not clearly extend those protections beyond the entry of the order of dismissal.").

In *In re Fischer*, the debtor could no longer make payments and her chapter 13 case was dismissed. 432 B.R. at 864. The chapter 13 trustee held a little over one thousand dollars, which funds the court directed be turned over to the debtor. *Id*. Immediately after the debtor's case was dismissed, but prior to the debtor seeking to convert the case to a chapter 7, a creditor served the trustee with a writ of garnishment from the state court. *Id*. That trustee subsequently filed a motion in the bankruptcy court seeking guidance on whether the dismissal could be superseded by the writ of garnishment. *Id*. Judge Jennemann held that the chapter 13 trustee, upon dismissal of the case, stood in same position as any other obligor of debtor and nothing in the Bankruptcy Code, or elsewhere, prevents a creditor from garnishing funds from the trustee before the funds were returned to debtor.[11]

I adopt the reasoning set forth in *In re Fischer* as it reflects my analysis of the issue. While section 1326(a)(2) unambiguously directs the Trustee to return funds to the Debtor once the case is dismissed, in situations like these, where the Trustee has not yet made any distributions to the Debtor and the Creditor is seeking further remedy available under state law, section 1326(a)(2) does not shield the Trustee from garnishment.

Most significantly, the Eleventh Circuit has held, albeit in an unpublished decision, that "[t]here is nothing in either the code or the Rules, however, which prohibits garnishment of the trustee." *In re Brickell,* 142 Fed. Appx. 385, 389 (11th Cir. 2005). The Court held that the appropriateness of the garnishment of funds held by a trustee is dependent on the interference, if any, that such garnishment would impose on the trustee. *Id*. "We see no reason to impose a per se ban on the garnishment of bankruptcy trustees. . . .While garnishment should not be allowed if

---

[11] REPH cites to the analogy in *In re Vaughter* where the court compared this scenario to a bank deposit: "the bank owes that money back to the depositor upon withdrawal or closing of the account . . . but . . . funds deposited with the trustee, just like funds deposited with a bank, are subject to attachment, levy, or garnishment once the automatic stay has terminated." No. BR13–41425, 2014 WL 806207 *2 (Bankr. D. Neb. Feb. 28, 2014).

7

it unnecessarily complicates the administration of the bankruptcy estate, the only burden on the trustee in this case was the substitution of one creditor's name and address for another." *Id.* at 390. Thus, I now turn to the issue of burden on the Trustee.

*Garnishment of the Chapter 13 Trustee in this Case is Not an Administrative Burden*

The Trustee argues in the Disbursement Motion that garnishment of a chapter 13 trustee would be an administrative burden because: 1) the Trustee could be subject to competing interests of the parties if served with a writ of garnishment and a form requesting a fee application; 2) the Trustee would be bound by state law to answer the writ within 30 days without knowing which party had the stronger claim (the garnishor in state court or the administrative claim in bankruptcy); 3) the creditor could evade the bankruptcy court's ruling by serving the writ; 4) the debtor's right to reinstate would be severely compromised; and 5) the Trustee could become personally liable under state law to the garnishor for the post dismissal returned funds.

REPH argues that the Trustee will be compensated for the administrative burden by the statutory garnishment fee, and cites to *In re Fischer*, No. 9:09-BK-07498-KSJ, 2011 WL 613328, at *1 (Bankr. M.D. Fla. Feb. 11, 2011) ("*Fischer II*") to support its assertion that the policy arguments are not persuasive. In *Fischer II*, the trustee sought reconsideration of the decision in *In re Fischer*, which directed the trustee to honor a writ of garnishment. The trustee pointed out the administrative burdens, such as additional costs and need to change the current procedures; however, Judge Jennemann explained that these challenges are "nothing different than any bank, employer, or similar business faces upon receipt of a writ of garnishment. *Id*. at *1. "The Trustee, who administers millions of dollars every year, certainly can adapt to this new requirement." *Id*. *See also In re Brickell*, 142 Fed. Appx at 390. While there may be particular

8

circumstances when garnishment of pre-plan payments would impose an administrative burden on a chapter 13 trustee, that situation is not present in this particular instance.

The administrative burdens presented by the Trustee in this instance do not warrant exemption from the writ of garnishment. Moreover, I do not agree with the Trustee that this is an attempt by REPH to circumvent my prior Order.[12] REPH is merely exercising a state law remedy in order to satisfy its judgment.

## CONCLUSION

Nothing in the Bankruptcy Code or Federal Rules of Bankruptcy Procedure prohibits a chapter 13 trustee from being garnished once the case is dismissed.[13] Once the order of dismissal is entered, the stay is no longer in effect and the trustee becomes a debtor of the debtor. While 11 U.S.C. §1326(a)(2) protects the funds required to pay administrative expenses, it does not prevent a chapter 13 trustee from being subject to a post-dismissal writ of garnishment with respect to the funds to which the debtor would otherwise be entitled. Moreover, the administrative burdens set forth by the Trustee in this case are insufficient to insulate the funds from garnishment. Accordingly, the Pre-Confirmation Payments are subject to state court garnishment.

# # #

Copies furnished to:
Mark Roher, Esq.
Amy Carrington, Esq.

*Attorney Roher shall serve a copy of this Order upon all interested parties and file a Certificate of Service with the Clerk of Court.*

---

[12] Order Granting Motion to Determine Proper Distribution of Pre-Confirmation Plan Payments or Alternatively, Motion to Vacation Vesting Clause at ECF #94.

[13] In fact, Chapter 7 trustees are subject to writs of garnishment regularly.